IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


STEVE CLIFF,  AIS # 142970,                    :

       Plaintiff,                                      :

vs.                                                            :     CIVIL ACTION 11-0613-KD-N

WARDEN SYLVESTER DOE, <u>et al.</u>,          :

       Defendants.                                  :


<u>REPORT AND RECOMMENDATION</u>

This § 1983 action, filed by an Alabama prison inmate proceeding <u>pro se</u>, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  Along with his § 1983 complaint, plaintiff filed a motion to proceed without prepayment of fees.  After reviewing these filings, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because plaintiff is seeking leave to proceed in forma pauperis and is known as a "three-striker," the Court reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to verify that he has three or more in forma pauperis actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  From those dockets the Court discovered plaintiff has had six actions dismissed for these reasons, namely, Cliff v. Haley, et al., 99-0455-RV-C (S.D. Ala. Sept. 24, 1999); Cliff v. Siegelman, et al., 99-0426-AH-C (S.D. Ala. Sept. 21, 1999); Cliff v. Lewis, et al., 99-0230-BH-M (S.D. Ala. Aug. 18, 1999); Cliff v. Alford, et al., 97-0748-CB-S (S.D. Ala. June 9, 1998); Cliff v. Davis, 97-0741-RV-S (S.D. Ala. Dec. 9, 1997); and Cliff v. Jones, et al., 95-1595 (S.D. Ala. Aug. 29, 1995).[1]

In order to avoid the dismissal of the present action pursuant to § 1915(g), plaintiff must satisfy the exception to § 1915(g), which requires that at the time of the complaint's filing, he show that he was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time); Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); see Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001).  In order to satisfy the exception to

---

[1]An examination of the federal courts' Pacer ("Public Access to Court Electronic Records") service indicates plaintiff has filed twenty-four actions, with two prior actions being dismissed pursuant to 28 U.S.C. § 1915(g), namely, Cliff v. Mcillians, et al., 04-0301-WS-C (S.D. Ala. May 31, 2005), and Cliff v. Earl, 08-0446-CG-M (S.D. Ala. July 31, 2009).

§ 1915(g), plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]"  Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.).  Plaintiff has failed to do so.

Plaintiff identifies the date of the complained of incident as December 20, 2010.  (Doc. 1 at 4).  Whereas, his complaint was filed on October 27, 2011.  (Id. at 1).  Notwithstanding the fact that the complaint's filing was not near the time of the incident, the substance of his complaint concerns a disciplinary that he claims was false and for which he was sentenced to forty-five days in disciplinary segregation.  As a result of the disciplinary, plaintiff claims that he suffered from mental stress.

Considering plaintiff's present allegations, the Court finds that plaintiff does not show that he was under "imminent danger of serious physical injury" at the time of filing.  The disciplinary occurred *prior to* filing the complaint and does not concern a physical injury.  Accordingly, plaintiff has failed to show that he is under "imminent danger of serious physical injury" when he filed the present action.

Because plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to §

3

1915(g) at the time an action is commenced), <u>cert. denied</u>, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this <u>17th</u> day of January, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.   **Objection**.   Any party who objects to this recommendation, or anything in it, must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).